IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DONNELL SUMERLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:17-cv-8026-LSC |
| ) | (2:09-cr-271-LSC-HGD-1) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION**

Petitioner Michael Sumerlin ("Sumerlin") seeks to have his sentence vacated, set aside, or otherwise corrected pursuant to 28 U.S.C. § 2255. (Docs. 1 & 2.) The Government has filed a Motion to Dismiss this action as time-barred. (Doc. 4.) For the following reasons, the motion to dismiss will be granted, the § 2255 motion will be denied as time-barred, and this action will be dismissed with prejudice.

**I.   Background**

On July 1, 2009, a federal grand jury in the Northern District of Alabama returned a one-count indictment charging Sumerlin with committing the crime of Possession with the Intent to Distribute 50 grams or More of a Mixture and

1

Substance Containing Cocaine Base, more commonly referred to as "Crack" Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The indictment was unsealed on July 20, 2009, upon Sumerlin's initial appearance on the charges. On August 7, 2009, the government filed a Notice of Prior Felony Drug Convictions pursuant to 21 U.S.C. § 851. After the notice of prior convictions, Sumerlin faced a mandatory life sentence upon conviction of the charge in the indictment.

On January 11, 2010, Sumerlin's jury trial commenced and he was convicted on January 12, 2010. On August 5, 2010, this Court imposed a custodial sentence of life. Judgment was entered on August 6, 2010.

On August 12, 2010, Sumerlin filed a notice of appeal. On October 29, 2012, after issuance of a mandate from the Eleventh Circuit Court of Appeals, Sumerlin's sentence was vacated and remanded pursuant to the Fair Sentencing Act of 2010 and the reduction in the cocaine base guidelines.

On January 8, 2013, this Court re-sentenced Sumerlin to 15 years' imprisonment and 96 months' supervised release. On January 11, 2013, judgment was entered.

Sumerlin did not appeal the conviction/judgment of January 11, 2013. Sumerlin did not file the instant habeas motion until June 10, 2017.[1]

---

[1] A pro se prisoner's motion under § 2255 is deemed filed the date it is delivered to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## II. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year period in which a motion for post-conviction relief under § 2255 must be filed. Under the AEDPA, the one-year period in which to file a motion under § 2255 begins to run from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Sumerlin has not indicated that the second, third, or fourth potential triggering events are applicable in this case. To satisfy the pertinent time provisions of § 2255, then, Sumerlin was obliged to file his motion within one year of "the date on which the judgment of conviction [became] final." *Id.* This he failed to do. By not pursuing a direct appeal, his conviction became final 14 days after the

judgment was entered or on January 25, 2013. *See* Fed. R. App. P. 4(b); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (noting that a conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted); *see also Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (for purposes of federal habeas review, state prisoner's judgment of conviction became final on date his right to appeal expired). Since Sumerlin did not file his motion within the statutorily prescribed period of one year, that is, on or before January 25, 2013, his motion is now time-barred and due to be dismissed on that ground.

## III. Conclusion

For the foregoing reasons, the government's motion to dismiss is due to be granted and Sumerlin's § 2255 motion is due to be denied. Additionally, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a

constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Accordingly, a COA will not issue from this Court.

The Court will enter a separate order in conformity with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON NOVEMBER 9, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704